IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN LEWIS MORRIS, JR., )
)
       Petitioner, )
)
v. ) 1:15CV26
)
RICHARD NEALY, )
)
       Respondent. )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner John Lewis Morris, Jr., a prisoner of the State of North Carolina, has brought a Petition [Doc. #2] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Respondent opposes with a Motion to Dismiss [Doc. #5]. According to the Petition, on September 17, 2010, in the Superior Court of Forsyth County, Petitioner pled guilty to possession of cocaine with intent to sell and deliver, resisting a public officer, possession of drug paraphernalia, and having attained the status of a habitual felon, and was then sentenced to 80 to 105 months imprisonment. (Petition §§ 1-6.) Petitioner filed no direct appeal. (Id. § 8.) However, on September 24, 2013, he filed a motion for appropriate relief in Forsyth County. (Id., Attachs.) Upon denial of that motion, he then filed a petition for certiorari in the North Carolina Court of Appeals. That court denied certiorari on October 22, 2014. (Id.) On December 19, 2014, Petitioner signed and dated his current Petition, which the Court received on January 9, 2015. After being ordered to answer, Respondent filed its Motion to Dismiss.

Petitioner's Claims

Petitioner raises four claims for relief in his Petition. He contends in the first two claims that sentencing changes passed by the North Carolina Legislature in 2011 should apply retroactively to his case, resulting in a lower sentence. (Petition § 12.) Petitioner's third claim asserts that some of the predicate convictions used to establish his status as a habitual felon were also used to assess points that increased his prior record level at sentencing. (Id.) Finally, he alleges that the prosecution intentionally altered his prior record level worksheet at sentencing. (Id.)

Discussion

Respondent seeks dismissal on the ground that Petitioner filed the Petition outside of the one-year limitation period, 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Petitioner does not appear to argue, and the record does not reveal, any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case as to his third and fourth claims for relief. Any claims regarding his prior record level or the associated worksheet would certainly have existed, and could have been uncovered through the exercise of due diligence, at the time of his conviction. Therefore, as to these claims, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court must examine when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, the state trial court entered judgment against Petitioner on September 17, 2010, and Petitioner did not appeal. Therefore, Petitioner's convictions became final, at the latest, on October 1, 2010, when his time to appeal expired. See N.C. R. App. P. 4(a)(2). He then had one year, or until October 3, 2011, to file his Petition in this Court. However, Petitioner did not file his Petition until January of 2015. Petitioner pursued his motion for appropriate relief in the state courts and it is true that attempts at collateral relief in the state courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner filed his motion for appropriate

3

relief in September of 2013, nearly two years after the deadline to file in this Court had already passed. State filings made after the federal limitations period expires do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Therefore, Petitioner's third and fourth claims for relief are time barred.

As to Petitioner's first and second claims for relief, the changes in sentencing law upon which he relies occurred in 2011. Respondent notes that the basis for this claim did not exist until 2011, which could bring § 2244(d)(1)(D) into play. However, given that Petitioner did not file his MAR until 2013 and did not file in this Court until 2014, even this claim is well out of time.[1]

Petitioner does not dispute the foregoing analysis, but instead asserts that there is a statute of limitations for federal prisoners seeking collateral relief under 28 U.S.C. § 2255, but not for state prisoners filing under § 2254. This is simply incorrect. The statute of limitations set out in § 2244 applies to § 2254 petitions, including Petitioner's, and his Petition is out of time under that statute. Respondent's Motion to Dismiss should be granted.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #5] be granted, that the Petition [Doc. #2] be dismissed, and that this action be dismissed.

This, the 29th day of June, 2015.

                                                     /s/ Joi Elizabeth Peake
                                                     United States Magistrate Judge

---

[1] Respondent also notes that these claims are without merit in any event, as the revised sentencing law was expressly made prospective only.